THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DLJ MORTGAGE CAPITAL, INC.,**

   **Plaintiff,**

   **v.**

**GUILLERMO ROSADO-LOPEZ, et al.,**

   **Defendants.**

**Civil No. 20-1750 (ADC)**

**OPINION AND ORDER**

On December 28, 2020, plaintiff DLJ Mortgage Capital, Inc. ("plaintiff") filed the instant action against the defendants. **ECF No. 1**. On January 22, 2021, the defendants[1] filed an Answer to Complaint and Request for Mediation ("the Answer"). **ECF No. 4**. On May 16, 2022, the Court ordered defendants to "inform the Court whether the property in this case is their principal residence." **ECF No. 16**. Defendants failed to comply. Accordingly, on August 4, 2022, plaintiff moved for summary judgment. **ECF No. 17**. To this date, the motion remains unopposed.

**I.**    **Undisputed Facts**

On May 12, 2000, for value received, Guillermo Rosado López, Carmen Laura Sánchez Padró and the conjugal partnership that exists between them executed a mortgage note payable to Popular Finance Corporation or order before Notary Public Pedro Muñoz Carreras, affidavit

---

[1] Guillermo Rosado López, Carmen Laura Sánchez Padró, the conjugal partnership that exists between them and Walkirie Odette Cardona Rosado a/k/a Walkirie O. Cardona Rosado ("the defendants").

number 20,204, hereinafter "the note or the instrument". Refer to the true and exact copy of the note. **ECF No. 17-2, 17-3**. The note in the principal sum of $150,000.00 bears interests on the unpaid principal balance at the rate of 10.950% per annum until the debt is paid in full. **ECF No. 17-2**. The principal and interests due under the note are payable in monthly installments. **ECF No. 17-2.**

The note provides for the payment of late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment is due and for the payment of 10% of the original principal amount ($15,000.00) to cover costs, expenses, and attorney's fees in the event the holder of the Note is required to seek judicial collection. **ECF No. 17-2.**

A voluntary mortgage was constituted by deed number 130 executed before the notary public Pedro Muñoz Carreras on May 12, 2000, hereinafter "the mortgage deed" to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount ($15,000.00) of the note to cover costs, expenses and attorney's fees in the event of judicial collection, (c) an amount of 10% of the original principal amount ($15,000.00) of the note to cover any advances made under the mortgage deed and, (d) an amount of 10% of the original principal amount of the note ($15,000.00) to cover interests in addition to those secured by law. **ECF No. 17-3.**

The mortgage encumbers the below described property, hereinafter "the property".

> RUSTICA: Solar radicado en el Barrio Jiménez del término municipal de Río Grande, Puerto Rico, con una cabida superficial de 733.35 metros cuadrados, marcado con el número 7 en el plano de inscripción presentada por el Agrimensor Luis Carlos Santiago, en junio de 1985 y con las siguientes medidas y colindancias; por el Norte, en 16.50 metros, con el solar número 6; por el Sur, en 19.717 metros con la calle marginal; por el Este, en 2 distancias y alineaciones diferentes que suman 35.991 metros con el solar número 8; y por el Oeste, en una distancia y un arco que suman 37.032 metros con la calle de acceso a los solares.

**ECF No. 17-2**. The property is identified with the number 21,400 and is recorded at page number 42 of volume number 343 of Río Grande, in the Registry of Property of Carolina, Third Section. **ECF No. 17-4**. The mortgage is recorded as a movable page of volume number 432 of Río Grande, third entry in the Registry of Property of Carolina, Third Section. *Id*.

Defendants are the current title owners of the property. *Id*.

The mortgage note and deed were modified by the parties pursuant to Modification deed num. 2 executed on January 16, 2013 before Notary Public Antonio R. Pavía Vidal. The parties agreed to establish as the new unpaid principal balance the amount of $205,020.88 -amount to be used as the minimum bidding amount in the event of foreclosure, extended the maturity date of the loan to January 1, 2053 and modified the interest rate as follows: (i) the interest rate would be 3.00% from February 1, 2013 to January 1, 2018; (ii) the interest rate would be 4.00% from February 1, 2018 to January 1, 2019; (iii) the interest rate would be 5.00% from February 1, 2019 to January 1, 2020; (iv) the interest rate would be 6.00% from February 1, 2020 to January 1, 2021; (v) the interest rate would be 7.00% from February 1, 2021 to January 1, 2022; (vi) the interest

rate would be 7.50% from February 1, 2022 to January 1, 2023; and (vii) the interest rate would be 8.50% from February 1, 2023 to the maturity date. **ECF No. 17-5**.

These modifications were recorded on October 20, 2020 at the Property Registry, "Karibe," volume for Río Grande, seventh entry in the Registry of Property of Carolina, Third Section. **ECF No. 17-4**.

Moreover, several years later, the mortgage note and deed were further modified by the parties via the document titled Loan Modification Agreement, signed on October 2, 2019. The parties agreed to establish the amount of $222,032.65 as the new unpaid principal balance, of which the amount of $50,791.65 was deferred to become due and payable by the maturity date. The remaining amount of $171,241.00 shall have the following interest rates: (i) the interest rate would be 2.500% from September 1, 2019 to September 1, 2022; (ii) the interest rate would be 3.500% from September 1, 2022 to September 1, 2023; (iii) the interest rate would be 4.500% from September 1, 2023 to September 1, 2024; (iv) the interest rate would be 5.500% from September 1, 2024 to September 1, 2025; (v) the interest rate would be 6.500% from September 1, 2025 to September 1, 2026; (vi) the interest rate would be 7.500% from September 1, 2026 to the maturity date. **ECF No. 17-6**.

It was expressly stipulated in the note and in the mortgage deed that default in the payment of the monthly installments or noncompliance with the covenants or agreements included in the note and/or the mortgage deed would authorize the holder of the note to declare

due and payable the total amount of the indebtedness evidenced by the note and proceed with the execution and/or foreclosure of the mortgage. *Id*.

The last payment made by the defendants under the mortgage note was the payment due September 1, 2019. The defendants herein have failed to comply with the terms of the note and the mortgage deed and have breached their duty to pay the monthly installments due since September 1, 2019 and thereafter until the present day. **ECF No. 17-7**.

Pursuant to the statement under penalty of perjury, plaintiff tried to collect the indebtedness evidenced by the mortgage note without avail thus the entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the note and the mortgage deed. **ECF No. 17-7**. After declaring all the indebtedness of the defendants due and payable, the defendants owe plaintiff the principal sum of $171,241.00 plus interest at a rate of 2.50% per annum since September 1, 2019. Such interests continue to accrue until the debt is paid in full. An additional deferred balance of $50,791.65 does not accrue interest at this time. The defendant also owe plaintiff late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment was due. *Id*. Such late charges continue to accrue until the debt is paid in full. The defendants also owe plaintiff all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($15,000.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation. *Id*.

Plaintiff declared the debt due and payable on November 20, 2019, date in which a breach letter was sent via certified mail to all known addresses of the defendants, in accordance with the covenants of the mortgage deed. **ECF No. 17-8**. On February 21, 2020, plaintiff sent notice to defendants that, upon their failure to reinstate the account, the loan had been referred for legal action. Said notice advised of the available alternatives to avoid foreclosure. *Id*. On June 5, 2020, plaintiff sent a letter to defendants acknowledging receipt of their request for loss mitigation and requesting additional information to complete their file. **ECF No. 17-10.**

On June 18, 2020, plaintiff sent a letter to defendants confirming receipt of all necessary documentation to evaluate them for the loss mitigation alternatives available and requesting thirty (30) days to complete the assessment. **ECF No. 17-11**. On June 19, 2020, plaintiff sent a letter to the defendants advising a Repayment Plan offer was available as a retention alternative. The Repayment Plan would extend for a period of twelve (12) months. Defendants had until July 13, 2020 to accept the plan. **ECF No. 17-12**. On July 22, 2020, plaintiff sent a letter to defendants advising their assistance request was considered as withdrawn after they were offered a Repayment Plan but didn't accept it by making the scheduled payment within the given deadline. Refer to the true and exact copy of the letter attached hereto as **ECF No. 17-13**.

On August 25, 2020, plaintiff sent a letter to defendants with a breakdown of all the available retention and disposition options they could be evaluated for in order to avoid foreclosure. **ECF No. 17-14**. From the information available and based upon the documents in

plaintiff's files and declaration under penalty of perjury, it appears that the defendants are not presently on active military service of the United States armed forces. **ECF No. 17-15**.

## II.      Legal Standard

A party is entitled to summary judgment "when there is no genuine issue of any material fact on the record and that party is entitled to judgment as a matter of law." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (citation and internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed," *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006). The Court must still scrutinize the summary judgment motion under the terms of Federal

Rule of Civil Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

### III. Discussion

"A person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." P.R. Laws Ann. tit. 31, § 4571. Likewise, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." *Id*. at § 2994.

In light of the statement of uncontested facts, **ECF No. 17-1**, **17-1** and the record before the Court, including the declaration under penalty of perjury, the Court finds that there is no genuine dispute as to any material fact. Based on the language in the loan documents, as modified, plaintiff's rights in event of defendants' default, plaintiff, as payee of said notes, may declare due and payable the total amount of indebtedness evidenced by said notes, and proceed with the execution and/or foreclosure of the mortgages upon defendants' default. Defendants have breached the terms of the loan documents. Thus, plaintiff is entitled to judgment as a matter of law.

### IV. Conclusion

Plaintiff's motion for summary judgment is granted. **ECF No. 17**. Accordingly, the Court hereby Orders:

That defendants pay plaintiff the principal sum of $171,241.00 plus interest at a rate of 2.50% per annum since September 1, 2019 until the debt is paid in full. The defendants pay an

additional deferred balance of $50,791.65 that does not accrue interest. That the defendants pay plaintiff late charges in the amount of 5.000% of each and any monthly installment not received by the person entitled to enforce the instrument within 15 days after the installment was due until the debt is paid in full. That the defendants pay plaintiff all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($15,000.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

Judgment is to be entered by the Clerk of Court against defendants.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 18th day of November, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**